**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eric WASHINGTON, Defendant— Appellant.**

**No. 07–50046.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 23, 2008.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Michael J. Raphael, Esq., Elizabeth R. Yang, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael J. Treman, Esq., Attorney at Law, Santa Barbara, CA, for Defendant–Appellant.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Eric Washington appeals from the 125–month sentence imposed upon resentencing following his jury-trial conviction for conspiracy, in violation of 18 U.S.C. § 371, armed robbery, in violation of 18 U.S.C. § 2113(a), (d), and use or carrying of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). We have juris-

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

diction pursuant to 28 U.S.C. § 1291, and we affirm.

Washington contends that the district court erred in applying an enhancement for brandishing a firearm pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), because he did not personally brandish, or aid and abet the brandishing of a firearm, and because co-conspirator liability under *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), is inapplicable to sentencing enhancements. However, co-conspirator liability extends to findings necessary to establish statutory mandatory minimums for sentencing purposes, *see United States v. Banuelos,* 322 F.3d 700, 704 (9th Cir.2003), and accordingly, we conclude that the district court did not err in applying the enhancement.

Washington further contends that the district court incorrectly treated the Sentencing Guidelines as a locus from which to deviate, failed to evaluate the factors set forth by 18 U.S.C. § 3553 in light of the totality of the sentence, and failed to address § 3553 factors that related to him as an individual. In light of the record, we conclude that the district court did not procedurally err. *See United States v. Carty,* 520 F.3d 984, 991 (9th Cir.2008) (en banc). We also conclude that the sentence imposed was reasonable in light of the totality of the circumstances. *See id.* at 993.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).